IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | No.  06 CR 324 |
| ) | |
| **TERRELL COVENS, et al.,** ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' pre-trial motions. For the reasons stated below, we grant in part and deny in part the Defendants' pre-trial motions.

**DISCUSSION**

I.  Motions to Adopt

Defendants Trevel Covens, Randall Brewster, Kendall Brewster, Kanyati Jordan, Kenneth Starks, Johneak Johnson, Rita Hemphill, Shalonda Brown, Louis Eubanks, Samuel Harris, Shaun James, Shanta James, Prentice Earl, Jermaine Harris, David Harris, Rodney Willett, Kenneth Sykes, Jacqueline Holman, Octavia Logan, and Gary Covens request to adopt the statements of co-defendants. The Government does not object to Defendants' motions. Therefore, we grant the motions.

II. Disclosure of *Brady* Materials

Defendants request that the court order the Government to disclose any evidence that is favorable to the defense in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963). Defendants have not shown that the Government has failed to produce requested information that is favorable to their defense. Also, the Government indicates that it has produced all such information and it will continue to do so if the Government becomes aware of additional information. Therefore, we deny the motions for the disclosure of favorable evidence as moot and, to the extent that Defendants seek such a disclosure earlier, we deny the motions on their merits.

III. Disclosure of *Giglio* Materials

Defendants also request that the court order the Government to disclose certain evidence in accordance with *Giglio v. United States*, 405 U.S. 150 (1972). The Government agrees to produce the evidence required in accordance with *Giglio*. To the extent that Defendants seek the production of the identity of confidential informants, Defendants have not provided sufficient justification to warrant ordering such a disclosure. *See Dole v. Local 1942, Intern. Broth. of Elec. Workers, AFL-CIO*, 870 F.2d 368, 372 (7th Cir. 1989)(stating that the confidential informant privilege "yields when the identification of the informant or of a communication is essential to a balanced measure of the issues and the fair administration of justice"). Therefore, we deny the motions for the disclosure of *Giglio* evidence in part as moot and in part on the merits of the motions and, to the extent that Defendants seek such

a disclosure earlier, we also deny the motions on their merits.

IV.  Motions to Provide *Santiago* Proffer

Defendants also request that the court order the Government to file a proffer relating to the statements of co-conspirators.  The Government has agreed that it will file its *Santiago* proffer two weeks prior to trial, which is sufficient time to allow Defendants to prepare for trial.  Therefore, we deny the motions as moot, and, to the extent that Defendants seek such a disclosure earlier, we also deny the motions on their merits.

V.  Motions for Co-conspirators' Statements

Defendants request that the Government disclose the statements of any co-conspirators it will rely on at trial.  The Government indicates that it has already some produced information in accordance with 18 U.S.C. § 3500, including statements of co-conspirators, and that it will file its *Santiago* proffer two weeks prior to trial, which is sufficient time to allow Defendants to prepare for trial.  Therefore, the motions are denied as moot and, to the extent that Defendants seek additional or earlier disclosure, we deny the motions on their merits.

VI.  Notice of Intent to use Rule 404(b) Evidence

Defendants also request that the court order the Government to provide notice

of its intention to use evidence of other crimes, acts and wrongs of Defendants in accordance with Federal Rule of Evidence 404(b) ("Rule 404(b)"). The Government indicates that will disclose the general nature of any Rule 404(b) evidence it intends to introduce at trial no later than two weeks before the trial of the case, which is sufficient time to allow Defendants to prepare for trial. Therefore, we deny the motions for disclosure by the Government of its intention to use evidence of other crimes, acts and wrongs of Defendants as moot, and, to the extent that Defendants seek such a disclosure earlier, we also deny the motions on their merits.

VII. Bill of Particulars

Defendants request that the court order the Government to provide a bill of particulars. Pursuant to Federal Rule of Criminal Procedure 7(f), a court may direct the Government to file a bill of particulars. In deciding whether a bill of particulars is necessary, a court must determine "whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *See United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)(citing *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)). In addition, the Seventh Circuit has found that a court does not abuse its discretion in denying a motion for bill of particulars where the "indictment indicated the statute under which defendants were being charged, set forth each of the elements constituting a violation of that statute, and provided sufficient details regarding the defendants' conduct for which they were being charged." *United States v. Fassnacht,* 332 F.3d 440, 446 (7th

4

Cir. 2003).

In Defendants' motions for a bill of particulars, Defendants make a variety of overly broad requests that are not required of the Government and that are the same as Defendants' discovery requests. As is indicated above, the Government is not required to provide an exhaustive list of details in the indictment. The Government has provided Defendants with various discovery materials. Based upon the information provided in the indictment and the materials provided to Defendants in discovery, we conclude that Defendants have been provided with sufficient information regarding the charges in all counts that are being brought against Defendants for Defendants to prepare for trial. Therefore, we deny Defendants' motions for a bill of particulars in their entirety.

## VIII. Jencks Act Materials

Defendants request that the Government disclose any reports or results of electronic surveillance of the Defendants. Although such disclosures are not required prior to trial, *see, e.g., United States v. Williams*, 536 F.2d 1202, 1204 (7th Cir. 1976), the Government has agreed to provide such material to Defendants at least two weeks in advance of trial, which is sufficient time to allow Defendants to prepare for trial. Therefore, the motions are denied as moot, and to the extent that Defendants seek such a disclosure earlier we also deny the motions on their merits.

## IX. Witness List

5

Defendants also request that the court order the Government to immediately provide them with the names and addresses of all witnesses it intends to call at trial. Defendants cite to no legal authority in their motions that would entitle them to such disclosures by the Government and Defendants provide no special circumstances that would warrant such relief. *See United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987)(stating that there is no requirement of advance notice of Government witnesses although in certain special circumstances a court can order such notice). Defendants will learn the identities of the Government's witnesses in the ordinary course of pre-trial disclosures, made in accordance with the Jenks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Therefore, we deny Defendants' motions requesting the disclosure of all Government witnesses and their addresses.

X. Notice of Expert Discovery

Defendants also request that the court order the Government to produce summaries of expert testimony it intends to introduce at trial. The Government indicates that it will disclose a written summary of testimony that the Government intends to use under Federal Rules of Evidence 702, 703, or 705, at least two weeks in advance of trial, which is sufficient time to allow Defendants to prepare for trial. Therefore, the motions are denied as moot, and, to the extent that Defendants seek such a disclosure earlier, we also deny that motions on their merits.

The Government also requests that this court order the Defendants to disclose

defense evidence pursuant to Federal Rule of Criminal Procedure 16(b). We grant the Government's request and the Defendants are hereby ordered to produce such information at least two weeks in advance of trial.

XI. Production of Identity of Confidential Informants

Defendants also request that the court order the Government to produce the identity of confidential informants. As noted earlier, Defendants have not provided sufficient justification to warrant ordering such a disclosure. *See Dole v. Local 1942, Intern. Broth. of Elec. Workers, AFL-CIO*, 870 F.2d 368, 372 (7th Cir. 1989)(stating that the confidential informant privilege "yields when the identification of the informant or of a communication is essential to a balanced measure of the issues and the fair administration of justice"). In addition, the Government has agreed to provide the identities of confidential informants if the Government determines that the confidential informant will testify, along with other information concerning the testimony by the confidential informant. Therefore, we deny Defendants' motions.

XII. Preservation of Agents' Notes

Defendants request that the court order the Government to preserve all notes, logs, and memoranda prepared by the Government agents and attorneys. The Government agrees that all of its agents involved in this case will preserve their notes, meaning all handwritten notes made by agents during interviews and prospective witnesses. Thus, in regard to the preservation of such notes, the motions

are denied as moot and to the extent that Defendants seek further preservation, their motions are denied. In addition, we are only ruling that the Government must preserve such notes and are not ruling that the Government must produce such documents to Defendants.

XIII. Disclosure of Electronic Surveillance

Defendants request that the Government disclose the use of electronic or other surveillance or recording devices. The Government indicates that it disclosed all Title III wiretaps, supporting applications, orders, consensually-recorded conversations and meetings, full access to law enforcement logs, progress reports, draft transcripts of Title III and consensually-monitored audio and video recordings, with the agreement of all defense counsel that the drafts will not be used at trial. Defendants cite to no legal authority in their motions that would entitle them to additional disclosures by the Government and Defendants provide no special circumstances that would warrant such relief. Therefore, we deny Defendants' motions requesting that the Government disclose the use of electronic or other surveillance or recording devices.

XIV. Disclosure of Grand Jury Transcripts

Defendant David Harris requests copies of grand jury transcripts in this case. Grand jury proceedings are protected by a general rule of secrecy and should not be disclosed unless the defendant establishes "a particularized need" for the

information. *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984). The Government has agreement to make available no later than two weeks before trial the grand jury testimony of any witnesses expected to testify at trial. Such a disclosure will provide Defendants with adequate time to prepare for trial and there has been no showing by David Harris of a need for any additional disclosure by the Government. Therefore, we deny the motion for disclosure of grand jury testimony as moot.

XV. Government Inspection of Law Enforcement Personnel Files

Defendants request that the court order the Government to examine the personnel files of law enforcement officials who will testify at trial. The Government has agreed that it will request a five year complaint register history for each Chicago Police officer who will testify at trial. The Government has also agreed that it will advise the court, and defense counsel if applicable, of cases where an officer has sustained complain registers during that time period, or take other appropriate action under the law. The Government has also agreed to review the personnel files of each federal agent who will testify at trial, and advise the court, and defense counsel if applicable, in cases where an agent has engaged in conduct that would be discoverable under *Giglio*, or take other appropriate action under the law. Therefore, we deny Defendants' motions.

XVI. Disclosure of Destruction Evidence

Defendants request that the court order the Government to provide Defendants

9

with a description of all evidence that has been destroyed pertaining to the instant action. The Government indicates that no evidence has been destroyed. Therefore, we deny Defendants' motions for disclosure of destroyed evidence as moot.

XVII. Early Return of Trial Subpoenas / Additional Motions

Defendants request that the court order the early return of trial subpoenas and Defendants request that the court allow them to file additional pre-trial motions if necessary. The Government does not object to either motion. The Government's only concern is that future subpoenas issued by Defendants must comply with the established law concerning the issuance of subpoenas and that pursuant to Local Rule 12.1, Defendants must confer with the Government before filing additional pre-trial motions. We grant the motions for the early return of trial subpoenas and motions for leave to file additional pre-trial motions consistent with existing law and local rules. The early return of trial subpoenas and leave to file additional pre-trial motions will apply equally to subpoenas issued by the Government and to any motions that the Government deems necessary.

XVIII. Severance

Defendants Jermaine Harris ("Harris") and Rodney Willett ("Willett") move to sever their trials from those of their co-defendants. Co-defendants can be tried in the same case "if they are alleged to have participated . . . in the same series of acts or transactions, constituting an offense or offenses." *United States v. Souffront*, 338

F.3d 809, 828 (7th Cir. 2003)(quoting Fed. R. Crim. P. 8(b)). In fact, a court should whenever possible try defendants together "who are indicted together" because such trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* (quoting in part *Zafiro v. United States,* 506 U.S. 534, 537 (1993)). *See also United States v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002)(stating that "[i]n conspiracy cases, 'there is a strong interest in trying defendants who have been jointly indicted in a single trial'")(quoting in part *United States v. Blassingame,* 197 F.3d 271, 286 (7th Cir.1999)). Pursuant to Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P 14(a).

      The only basis that Harris and Willett offer for the severance of their trials is that certain evidence will be introduced at trial that may not specifically involve each of them. However, there is certain evidence that will be presented in this case that is common to all Defendants. To the extent that there is evidence relating to Defendants other than Harris and Willett that cannot be considered in regards to Harris and Willett, the court can provide the jury will an appropriate limiting instruction to prevent any confusion by the jury or prejudice to Harris and Willett. Neither Harris nor Willett have shown that any specific trial right will be compromised by a joint trial in this matter. Therefore, we deny the motions to sever.

11

## CONCLUSION

Based on the foregoing analysis, we grant in part and deny in part the Defendants' pre-trial motions.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 23, 2007